IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAVON GRAYSON-MORROW,

                Plaintiffs,

v.                                                                  ORDER

MARATHON COUNTY, DARLENE HABLE, and        21-cv-124-jdp
CAITLIN GAULKE,

                Defendants.

---

Pro se plaintiff Javon Grayson-Morrow is proceeding on Fourteenth Amendment claims against Marathon County and Marathon County Jail officers based on allegations that he was denied proper medical treatment at the jail for lightheadedness, dizziness, fainting, and injuries he sustained when he fainted. Dkt. 6.

**A. Leave to amend the complaint**

Grayson-Morrow has filed two motions for leave to amend his complaint. Dkt. 13 and Dkt. 14. In one of his motions, Grayson-Morrow says that he accidentally checked a box in his initial complaint that said that he was suing under state law. Dkt. 14. He seeks to amend his complaint to say that he is suing under federal law. I will deny the motion as unnecessary. Grayson-Morrow is not required to check the correct box on his complaint form, and I am already considering his lawsuit under principles of federal law.

In his other motion, Grayson-Morrow raises a new claim against a new defendant based on another incident concerning Grayson-Morrow's medical care. Dkt. 13. Under Federal Rule of Civil Procedure 15, a court may grant leave to amend the complaint "when justice so requires." I will grant leave to amend because it is still early in the case and there is no prejudice to defendants by allowing amendment. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

I will screen Grayson-Morrow's new allegations under 28 U.S.C. §§ 1915 and 1915A, using the same standards I described in my previous order. Dkt. 6. Grayson-Morrow alleges that on January 13, 2022, he called officer Sheng Lao over the jail intercom and told her that he was lightheaded, dizzy, and thought he was going to faint. She told him that a "nurse isn't coming to the unit for that" and that he should enter his concerns into the "kiosk." (I assume that the kiosk is a system for non-urgent requests and messages to prison staff.)

Grayson-Morrow told Sheng Lao that he had gone to the emergency room earlier that morning for high blood pressure and that the jail nurse was familiar with his health issues and would want to see him. Again, Sheng Lao told Grayson-Morrow to submit his concern into the kiosk. As Grayson-Morrow walked away from the intercom, he stumbled. Other inmates caught him and helped him into a chair. One of them called Sheng Lao on the intercom again and told her that Grayson-Morrow was getting worse. Grayson-Morrow fainted and was unconscious for about five minutes. The other inmates had to kick and pound the doors until jail staff responded. Grayson-Morrow was brought to hospital.

These allegations state a claim under the Fourteenth Amendment against Sheng Lao for failing to reasonably respond to Grayson-Morrow's complaints about a medical problem that was serious enough to send him to the hospital earlier in the day. I will grant Grayson-Morrow leave to proceed on a Fourteenth Amendment claim against Sheng Lao.

B.  **Assistance in recruiting counsel**

Grayson-Morrow moves for appointment of counsel. Dkt. 12. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel

who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

A pro se plaintiff requesting the court's assistance in recruiting counsel must show three things. First, he must show that he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1). Grayson-Morrow satisfies the first requirement because the court has granted him leave to proceed in forma pauperis. Dkt. 4.

Second, he must show that he has made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). To meet this requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Grayson-Morrow has not submitted any letters, nor does he suggest that he has contacted outside lawyers. He does not meet the second requirement. This is enough reason to deny Grayson-Morrow's motion, but even if he had shown that multiple lawyers turned him down, he doesn't meet the third requirement.

To meet the third requirement, a pro se plaintiff must show that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt,* 503 F.3d at 654–55. Grayson-Morrow says that he is not skilled in the law. But his lack of legal knowledge is a common barrier for pro se litigants in this court. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one.

It is also too early in this litigation to tell whether the case will truly boil down to complex legal and factual issues. This court generally defers decisions regarding recruitment of

3

counsel at least until the deadline has passed for the defendant to file a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Because defendants have the burden to show that Grayson-Morrow didn't properly complete the exhaustion process, and because issues about exhaustion are usually simpler than a case's merits, counsel is almost always unnecessary at this early stage.

I will deny Grayson-Morrow's motion for recruitment of counsel without prejudice. This means that if he continues to believe that he is unable to litigate the lawsuit himself as the case progresses, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

One final note: Grayson-Morrow states in his motion for counsel that the jail is "stopping him from accessing legal resources." Dkt. 12. These allegations are too vague for me to determine how jail officials might be interfering with Grayson-Morrow's access to the courts, and in any event, Grayson-Morrow has been released from Marathon County Jail. So this issue is moot for purposes of this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Javon Grayson-Morrow's motion for leave to amend his complaint, Dkt. 13, is GRANTED. Dkt. 13, together with Dkt. 1, form the operative complaint. Plaintiff is granted leave to proceed on a Fourteenth Amendment claim against defendant Sheng Lao.

2. The clerk of court is directed to forward the summons, plaintiff's amended complaint, and this order to the U.S. Marshals for service on new defendant Sheng Lao.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 14, is DENIED as unnecessary.

4. Plaintiff's motion for assistance in recruiting counsel, Dkt. 12, is DENIED.

Entered April 19, 2022.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge