IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAVON GRAYSON-MORROW,

                Plaintiff,

v.                                                                                               OPINION and ORDER

MARATHON COUNTY, DARLENE HABLE,                               21-cv-124-jdp
CAITLIN GAULKE, and SHENG LAO,

                Defendants.

---

Pro se plaintiff Javon Grayson-Morrow sued Marathon County and some of its jail staff for failing to provide him with medical care. I granted summary judgment to defendants after Grayson-Morrow failed to respond to defendants' summary judgment motion. Dkt. 35. Now before the court is Grayson-Morrow's renewed motion to reopen the case. Dkt. 46.

PROCEDURAL BACKGROUND

After I granted summary judgment, Grayson-Morrow filed a motion to reopen the case, a motion for assistance in recruiting counsel to help him appeal this case, and a document that he calls a "motion for summary judgment," in which he responds to defendants' previous arguments on the merits of his claims. Dkt. 39; Dkt. 41; and Dkt. 43. I construed the motion to reopen as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied the motion without prejudice to give Grayson-Morrow an opportunity to show that he missed his summary judgment response deadline because of excusable neglect. Dkt. 45.[1] Grayson-Morrow now attempts to make that showing. Dkt. 46.

---

[1] I reserved ruling on Grayson-Morrow's other motions pending resolution of the Rule 60

ANALYSIS

Under Rule 60(b)(1), the court may vacate the judgment if a party missed a deadline because of excusable neglect. Whether a failure is "excusable" under Rule 60(b)(1) depends on "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A party's failure to update his address when he was able to do so does not qualify as excusable neglect. *See Harris v. Emanuele*, 826 Fed. Appx. 567, 568 (7th Cir. 2020); *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020).

From his previous filings, I understood Grayson-Morrow to be alleging that he didn't receive the motion for summary judgment because he was not at the address that he had previously identified as his mailing address, and he tried to update his address, but he was unable to do so. But I concluded that Grayson-Morrow had failed to provide key information about what steps he took to update his address. So I instructed Grayson-Morrow that if he filed a new motion to reopen, he should answer the following questions in his motion:

- Where was Grayson-Morrow being housed in November 2022 (when defendants filed their summary judgment motion)?

- When did Grayson move to what he now identifies as his current mailing address (the Milwaukee Secure Detention Facility)?

- When did Grayson-Morrow attempt to update his address with the court?

- How did Grayson-Morrow attempt to update the court's address? What actions did he take to do this?

---

motion.

- What happened that prevented Grayson-Morrow from updating his address?

- Why did Grayson-Morrow wait until March 2023 to seek a status update on the case when he knew that defendants' summary judgment deadline was in November 2022?

The parties' most recent filings show that Grayson-Morrow was released from the Milwaukee Secure Detention Facility (MSDF) on August 30, 2022, and was not detained again until March 6, 2023. *See* Dkt. 46, at 2; Dkt. 48; and Dkt. 50, at 1. Around August 3, 2022, Grayson-Morrow provided the court with his mother's address on N. 64th Street in Milwaukee. But Grayson-Morrow says that he was homeless after his release in August 2022, because his mother did not want him to live with her. He claims that he was sleeping at bus stops, under bridges, and in parks until he was reincarcerated in March 2023. Grayson-Morrow also says that his mother was discarding his mail during this period and that he could not use any other family member's address. But he does not explain what prevented him from making arrangements for someone else to receive and hold his legal mail.

Grayson-Morrow says that he tried to update his mailing address by mailing a letter to the court on or about May 7, 2022 and June 26, 2022, while he was incarcerated at MSDF on two occasions between May and August of 2022. But this is irrelevant because Grayson-Morrow was not at MSDF at the time defendants filed their motion in November 2022.

I understand that Grayson-Morrow did not have a permanent address and could not afford a post office box between August 2022 and March 2023. But it was his responsibility to notify the court about how to communicate with him. The court instructed Grayson-Morrow in the leave to proceed order about his obligation to provide updated contact information if his address or circumstances changed. Dkt. 18.

In his reply brief, Grayson-Morrow says that he could not afford paper and a pen to send a letter. But he could have called or emailed the court, as he had done in the past, or had someone call or email for him to alert the court about his living situation and request an extension of pretrial deadlines. *See Modesitt v. Wexford Med.*, No. 21-cv-1711, 2023 WL 348270, at *1 (S.D. Ind. Jan. 20, 2023) (plaintiff who was homeless after incarceration did not show excusable neglect where he failed to contact court with phone number or email or request extension of pretrial deadlines); *Juarez v. Kenosha Cnty. Sheriff's Dep't,* No. 19-cv-1593, 2021 WL 363981, at *3 (E.D. Wis. Feb. 3, 2021) (plaintiff's loss of home and subsequent arrest did not constitute extraordinary circumstances sufficient to grant him relief from court's judgment).

The court concludes that Grayson-Morrow has failed to provide a satisfactory explanation that could establish excusable neglect to reopen his case. So his renewed motion to reopen the case, and his motion related to the merits of his claims, will be denied. Grayson-Morrow's motion for assistance in recruiting counsel to help him with an appeal also must be denied. Decisions about whether to recruit counsel for a litigant's appeal are made by the Court of Appeals for the Seventh Circuit.

ORDER

IT IS ORDERED that plaintiff Javon Grayson-Morrow's renewed motion to reopen the case, Dkt. 46, motion for assistance in recruiting counsel for an appeal, Dkt. 41, and motion for summary judgment, Dkt. 43, are DENIED.

Entered August 30, 2023.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge